Vincent Galvin (#104448)
Vincent.Galvin@bowmanandbrooke.com
Neil M. Kliebenstein (#226060)
Neil.Kliebenstein@bowmanandbrooke.com
BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
San Jose, California  95110-1355
Telephone: (408) 279-5393
Facsimile:  (408) 279-5845

Attorneys for Defendants
Black & Decker (U.S.) Inc.,
The Black & Decker Corporation and
Delta International Machinery Corp.

David L. Zifkin (SBN 232845)
dzifkin@bsfllp.com
Boies, Schiller & Flexner LLP
225 Santa Monica Boulevard, 11th Floor
Santa Monica, California 90401
Telephone: (310) 395-5800
Facsimile: (310) 578-7898

George F. Carpinello (Admitted *pro hac vice*)
gcarpinello@bsfllp.com
Boies, Schiller & Flexner LLP
10 North Pearl Street
Albany, NY 12207
Telephone: (518) 434-0600
Facsimile: (518) 434-0665

Attorneys for Plaintiff
Oscar Martinez

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MARTINEZ, ) | Case No.  SACV 11-1439 JST(MLGx) |
| ) | |
| Plaintiff, ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| v. ) | |
| ) | |
| DELTA INTERNATIONAL ) | |
| MACHINERY CORP., THE BLACK ) | |
| & DECKER CORPORATION, and ) | |
| BLACK & DECKER (U.S.) INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto through their undersigned counsel, that:

1.    Proceedings and Information Governed

This Protective Order and any amendments or modifications hereto shall govern any documents, information or thing furnished by any party, including third parties (hereafter termed "conveying party"), to any other party (hereafter termed "receiving party") in connection with the discovery and pretrial phase of this action.

This Protective Order shall not preclude any party from withholding any document, information or thing on the basis of the attorney-client privilege or attorney work-product doctrine, or otherwise affect any party's claim of privilege with respect to any such document, information or thing.  The inadvertent production of any privileged document, information or thing shall not be deemed a waiver of such privilege or otherwise affect any party's right to seek return of the inadvertently produced document, information or thing.  Further, this Protective Order shall not preclude any party from withholding any document, information or thing the disclosure of which might constitute a breach of an agreement with a third party, nor shall it preclude any party from moving the Court for an order directing the disclosure of such materials.

This Protective Order does not govern proceedings during trial, nor does it prohibit either party from seeking a protective order to govern proceedings during trial.

Subject to the terms set forth below, all information produced by a conveying party shall be used by the parties receiving the information solely for the purposes of preparing for and conducting this action, or in other related actions in which counsel for Plaintiffs herein also represents the plaintiff or plaintiffs and in which the conveying party has been named as a defendant, and the information shall not be used for any other purpose.

2.     Definitions

"CONFIDENTIAL MATERIALS" are any documents, information or things that constitute, reflect or contain trade secrets or other non-public, proprietary or business-sensitive information or things, including, without limitation, confidential research, development, financial, corporate, or other commercial information belonging to or concerning a party or conveying party and that a party or conveying party designates as "CONFIDENTIAL" or "CONFIDENTIAL-2" as described below.

"Confidentiality Pledge" shall mean an undertaking, in the form attached hereto as Exhibit A, to be bound by the provisions of this Protective Order.

"Inadvertent Production" shall mean unintentional or accidental production of privileged documents, information or things for whatever reason irrespective of whether:  (i) such production was careless, reckless, or negligent; or (ii) the precautions taken to avoid such inadvertent production were inadequate.

3.     Designation of Confidential Information

a.     Documents, information and things produced by a party during the course of this litigation, including but not limited to responses to discovery requests and interrogatories, that are appropriately "CONFIDENTIAL MATERIALS" within the definition provided by Section 2 of this Protective Order may be designated by such party as "CONFIDENTIAL" or "CONFIDENTIAL-2" at the time of production.  After such time, a document, information or thing may be designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" in writing, by any party, provided that any such designation shall be within a reasonable time after disclosure.  In addition, within one month of the date of this Protective Order, any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-2" a document, information or thing previously produced in this action.

STIPULATED PROTECTIVE ORDER

b.    Documents, information and things produced by a party during the course of this litigation, including but not limited to responses to discovery requests and interrogatories, that the producing party has designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be designated by the conveying party as containing "CONFIDENTIAL" or "CONFIDENTIAL-2" information by placing a "CONFIDENTIAL(or CONFIDENTIAL-2) – Subject to Protective Order" legend on each page and each thing, by so indicating in any other reasonable manner appropriate to the form in which the documents, information or things are made available to the receiving party, or alternatively, by advising the receiving party in writing as to the particular documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL-2."

c.    A party may designate information disclosed at a deposition that represents "CONFIDENTIAL MATERIALS" as defined by Section 2 of this Protective Order, including questions, testimony, documents or exhibits as "CONFIDENTIAL" or "CONFIDENTIAL-2" by requesting that the reporter so designate all or part of the deposition transcript at the time of the deposition or by requesting such designation in writing within a reasonable time after receipt of the deposition transcript.  Where only a portion of a deposition transcript contains "CONFIDENTIAL" or "CONFIDENTIAL-2" information, only such portion of the transcript may be so designated.  Any portions of a deposition transcript designated "CONFIDENTIAL" or "CONFIDENTIAL-2" and any deposition exhibits so designated shall be bound separately and treated accordingly.

d.    Any party invoking "CONFIDENTIAL" or "CONFIDENTIAL-2" protection during a deposition may exclude from the room any person who is not authorized under this Protective Order to receive information designated "CONFIDENTIAL" or "CONFIDENTIAL-2."

e.      Any designation of discovery responses, motion papers, briefs, memoranda or any other papers filed or lodged with the Court and/or served on opposing counsel as "CONFIDENTIAL" or "CONFIDENTIAL-2" shall be made when such papers are filed, lodged and/or served.  The filing or lodging with the Court of any document containing "CONFIDENTIAL" or "CONFIDENTIAL-2" information shall be done in conformance with Section 5 of this Protective Order.

f.      A party may designate information disclosed at a hearing as "CONFIDENTIAL" or "CONFIDENTIAL-2" by requesting, at the time the information is proffered or adduced, that the Court receive the information *in camera* and designate the transcript appropriately.

g.      In the event that a party's motion papers, briefs, memoranda, discovery requests, requests for admissions or other papers of any kind contain another party's "CONFIDENTIAL" or "CONFIDENTIAL-2" information, the papers shall be designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" and shall be treated accordingly.

h.      All documents, including attorneys notes and abstracts, that contain another party's "CONFIDENTIAL" or "CONFIDENTIAL-2" information shall be treated as if such documents were also designated as "CONFIDENTIAL" or "CONFIDENTIAL-2."

i.      The parties shall use reasonable care to avoid designating as "CONFIDENTIAL" or "CONFIDENTIAL-2" any document, information or thing that is not entitled to such designation under Fed. R. Civ. Pro. 26(c)(7) or that is generally available to the public.

4.      Use of Confidential Information

a.      Documents, information or things designated "CONFIDENTIAL" or "CONFIDENTIAL-2" shall not be made public by counsel or persons entitled access to such materials under this Protective

- 5 -
STIPULATED PROTECTIVE ORDER

1    Order unless such materials become part of the public record of this action

2    other than through a violation of this Protective Order, and shall not be

3    disclosed to anyone other than this Court and the persons entitled access to

4    such materials under this Protective Order.

5         b.    All    documents,    information    and    things    designated

6    "CONFIDENTIAL" or "CONFIDENTIAL-2" may be used by persons to

7    whom such documents, information and things are properly disclosed pursuant

8    to this Protective Order solely for purposes of pretrial preparation and

9    proceedings in this action, trial of this action and any appellate proceedings in

10   this action, or pretrial preparations and proceedings, trial, and any appellate

11   proceedings in any other action in which counsel for Plaintiffs herein is also

12   counsel for the plaintiff or plaintiffs and in which the conveying party has

13   been named as a party.  Such documents, information and things shall be used

14   for no other purpose unless and until agreed to in writing by all parties to this

15   action or authorized by order of the Court.  No person who receives any such

16   document, information or thing shall disclose it to any person for any purpose

17   other than for pretrial preparation and proceedings in this action.

18        Notwithstanding the foregoing, the parties or their counsel may use any

19   documents, information, or things disclosed in this action for purposes of

20   pretrial, trial, or appellate proceedings in any other action in which the

21   conveying party has been named as a Defendant and where the allegations

22   concerns design defects in power saws.  Further, the parties or their counsel

23   may use any documents, information, or things disclosed in this action which

24   were created by or for (i) the Power Tool Institute ("PTI") joint venture

25   regarding a blade contact injury avoidance system for table saws ("Blade

26   Contact Joint Venture"), (ii) the PTI joint venture regarding mechanical

27   guarding systems for tables saws ("Guarding Joint Venture"), or (iii) any other

28   PTI committee, in any other action in which a member of the particular PTI

- 6 -
STIPULATED PROTECTIVE ORDER

1     joint venture or committee is a Defendant and where the allegations concern

2     design defects in power saws.  Any such use of documents, information, or

3     things in any such action shall be subject to the terms and conditions of this

4     Protective Order unless and until a superseding order is entered.

5              c.     Documents,      information      and      things      designated

6     "CONFIDENTIAL" may be disclosed by the receiving party only to:  (i)

7     officers and employees of the receiving party who the receiving party

8     reasonably and in good faith believes need to know in order for the receiving

9     party to prepare for this action; (ii) counsel in this action, and such counsel's

10    stenographic, clerical and paralegal employees whose functions require access

11    to such "CONFIDENTIAL" information; (iii) court reporters and

12    stenographers engaged to transcribe depositions or proceedings in this action;

13    (iv) the Court and its employees; (v) employees of the designating party

14    during the course of a deposition or other proceeding in this action; (vi)

15    experts or consultants retained by the receiving party and whose advice and

16    consultation are being or will be used by the party in connection with this

17    action, provided that such experts and consultants have first executed a

18    Confidentiality Pledge; (vii) any non-party witness or any person reasonably

19    anticipated to be a witness at a deposition or other proceeding in this action

20    provided such person has executed a Confidentiality Pledge; and (viii) any

21    other person, with the prior written approval of the designating party, provided

22    such person has executed  a Confidentiality Pledge.

23             d.     Any and all Confidentiality Pledges signed by experts or

24    consultants shall be maintained by the receiving counsel, but need not be

25    produced to opposing counsel absent an order of the Court.   All such

26    Confidentiality Pledges shall be maintained by the receiving party's counsel.

27    At such time that the parties identify experts pursuant to order of the Court or

28    by supplementation pursuant to Fed. R. Civ. P. 26, a copy of the

- 7 -

STIPULATED PROTECTIVE ORDER

1    Confidentiality Pledge with respect to each identified expert shall be produced

2    to the opposing counsel within ten days.  At the conclusion of the litigation,

3    counsel for each party shall deliver to opposing counsel a copy of each and

4    every Confidentiality Pledge it obtained during the course of the litigation.

5          e.      Documents,    information    and    things    designated

6    "CONFIDENTIAL-2" may be disclosed by the receiving party as allowed in

7    Sections 4(c) and 4(d) above, except that under no circumstances shall

8    documents, information or things designated "CONFIDENTIAL-2" or any of

9    the information contained therein be released or disclosed to Stephen Gass or

10    any agent or employee of SawStop, LLC; SawStop, Inc.; SD3, LLC; or any of

11    their parents, subsidiaries, or affiliated companies.  Plaintiff agrees to the use

12    of this designation without waiving its right to challenge the withholding of

13    any or all information from Stephen Gass.  Such challenge, if any, shall be

14    made by motion to the Court to lift all or part of any restraint from disclosing

15    such information to Gass.  Plaintiff agrees to abide by such designation until

16    any such designation or restraint is lifted by consent or court order.

17          f.      In the event that a party desires to provide access to or to

18    disseminate CONFIDENTIAL MATERIALS to any person not otherwise

19    entitled to access under this Protective Order, that party may move the Court

20    for an Order that such person be given access thereto.  In the event that the

21    motion is granted, such person may have access to CONFIDENTIAL

22    MATERIALS after first signing a Confidentiality Pledge, a copy of which

23    shall be forwarded promptly thereafter to opposing counsel.

24          g.      Nothing herein shall restrict a party's use of its own materials that

25    it produces in discovery.

26          h.      Nothing herein shall restrict a party's use of information which (i)

27    the conveying party agrees, or the Court rules, is already public knowledge,

28    (ii) the conveying party agrees, or the Court rules, has become public

- 8 -

STIPULATED PROTECTIVE ORDER

knowledge other than as a result of a violation of this Protective Order or by any other unlawful means, (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation, or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another.

      i.     Nothing herein shall restrict or prohibit discussions with any person about CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession thereof, without restrictions which would independently prohibit such discussion.

5.    Filing or Lodging Documents with the Court

Any document filed or lodged with the Court in connection with proceedings in this action that constitutes or contains "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information or things shall be filed with the Clerk of the Court in a sealed envelope, prominently endorsed with the caption of the case, an indication of the general nature of the contents, and the following legend:

CONFIDENTIAL INFORMATION

This envelope is sealed pursuant to the _____, 2012 Stipulated Protective Order in this action.  It contains information designated as "CONFIDENTIAL" or "CONFIDENTIAL-2" and is not to be opened or the contents revealed except by Order of the Court.

Notwithstanding the foregoing legend on envelopes containing "CONFIDENTIAL" or "CONFIDENTIAL-2" documents filed with the Court, the

- 9 -
STIPULATED PROTECTIVE ORDER

1   Court may open such envelope for purposes of conducting an *in camera* review of

2   such documents to determine whether the "CONFIDENTIAL" or

3   "CONFIDENTIAL-2" designation is appropriate, as well as to determine substantive

4   issues in the case.

5          6.     Inadvertent Failure to Designate

6          In the event that a conveying party inadvertently fails to designate documents,

7   information or things as "CONFIDENTIAL" or "CONFIDENTIAL-2," the

8   conveying party may later correct the error by notifying the receiving party of the

9   error in writing and making the appropriate designation in accordance with

10  paragraph 3 above.  The receiving party shall thereafter treat the documents,

11  information or things in accordance with the designation and shall take reasonable

12  steps to ensure that any person to whom the receiving party has previously disclosed

13  the documents, information or things treats them in accordance with the designation.

14         If the conveying party chooses to produce new copies of the documents,

15  information or things with the appropriate "CONFIDENTIAL" or

16  "CONFIDENTIAl-2" designation, the receiving party shall return any copies of the

17  documents, information or things that were inadvertently produced without the

18  proper "CONFIDENTIAL" or "CONFIDENTIAL-2" designation to the conveying

19  party without retaining any copies thereof.  The receiving party shall also make

20  reasonable efforts to obtain and return any improperly designated documents,

21  information or things and preclude their dissemination and use by any person to

22  whom the receiving party has previously disclosed the improperly designated

23  documents, information or things.

24         7.     Challenge to Designations

25                a.     A party may challenge any other party's designation of any

26  document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-

27  2" at any time.  Failure of a party expressly to challenge a designation shall

28

STIPULATED PROTECTIVE ORDER

1    not constitute a waiver by such party of the right to assert at a subsequent time

2    that the designation is not appropriate.

3         b.    In case of disagreement with the designation of any document,

4    information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-2," a party

5    may request in writing that the designating party change the designation.

6         c.    If a party denies a request to change the designation of any

7    document, information or thing as "CONFIDENTIAL" or "CONFIDENTIAL-

8    2" and the requesting party disagrees with the designating party's reasons for

9    such denial or the designating party fails to respond to the request, the

10   requesting party may apply to the Court, in a manner consistent with the

11   Court's Individual Rules applicable to discovery disputes, for an Order

12   removing or changing the designation in the manner stated in the request.  On

13   such application, the designating party shall have the burden of proving that

14   the material in question is within the scope of protection afforded by Rule

15   26(c) of the Federal Rules of Civil Procedure.  No use or disclosure of any

16   document, information or thing designated "CONFIDENTIAL" or

17   "CONFIDENTIAL-2" shall be made, except as otherwise authorized by this

18   Protective Order, unless and until the parties agree or the Court orders that the

19   designation shall be removed.

20   8.   Inadvertent Disclosure

21        a.    In the event of an inadvertent disclosure of a party's

22   "CONFIDENTIAL" or "CONFIDENITAL-2" documents, information or

23   things to a person not authorized by this Protective Order to receive such

24   materials, the party making the inadvertent disclosure shall, upon learning of

25   the disclosure:

26             (i)    promptly notify the person to whom the disclosure was

27                    made that it contains "CONFIDENTIAL" or

28

- 11 -
STIPULATED PROTECTIVE ORDER

1    "CONFIDENTIAL-2"    information    subject    to    this
2    Protective Order;

3    (ii)    promptly make reasonable efforts to obtain the return of the
4    "CONFIDENTIAL" or "CONFIDENTIAL-2" documents,
5    information, or things from and preclude its dissemination
6    or use by the person to whom disclosure was inadvertently
7    made; and

8    (iii)    within five (5) business days, serve the conveying party
9    with a written notice stating the identity of the person to
10   whom the disclosure was made, the nature of and
11   circumstances surrounding the disclosure and the steps
12   taken to obtain the return of the improperly disclosed
13   documents, information or things and to ensure against
14   their further dissemination or use.

15   9.    <u>Inadvertent Production of Privileged Documents, Information or Things</u>

16   To facilitate the timely production of voluminous documents in compliance
17   with the parties' respective requests for production, the inadvertent production of any
18   privileged document, information or thing shall not be deemed a waiver of such
19   privilege or otherwise affect any party's right to seek return of the inadvertently
20   produced document, information or thing.    The party receiving a document,
21   information or thing that appears to be privileged shall promptly notify the
22   conveying party upon becoming aware that the document, information or thing may
23   have been inadvertently produced and, in any event, before making any use of said
24   document, information or thing in its submissions to the Court or otherwise.    The
25   fact that a document, information or thing is listed on a party's privilege log shall be
26   *prima facie* evidence that such document, information or thing has been
27   inadvertently produced, but the failure to list such document, information or thing

28

1   shall not preclude the conveying party from claiming that the document, information
2   or thing is privileged and was inadvertently produced.

3       In the event documents, information or things which are claimed to be
4   privileged or subject to the work product doctrine are inadvertently produced during
5   discovery, such documents, information or things shall be returned by the receiving
6   party within two days of any written request therefore, unless the receiving party
7   challenges the privileged nature of the documents, information or things in which
8   case the conveying party shall be entitled to make an application to the Court for the
9   return of such documents, information or things.  A claimed lack of privilege (and
10  not the inadvertent production) shall be the sole ground for refusing to return
11  inadvertently produced privileged documents, information or things and such
12  documents, information or things shall only be retained while an application to the
13  court is pending.  While such application is pending, the receiving party shall not use
14  or divulge the contents of such documents, information or things except to the Court
15  under seal.  If the Court finds that the documents, information or things in question
16  are privileged, the receiving party shall promptly return all copies of the
17  inadvertently produced documents, information, or things and not retain any copies,
18  notes or summaries of said documents, information or things.  The receiving party
19  shall also make reasonable efforts to obtain and return any inadvertently produced
20  document(s), information or thing(s) and preclude their dissemination and use by any
21  person to whom the receiving party has previously disclosed the inadvertently
22  produced document(s), information or thing(s).

23       10.   <u>Non-party Information</u>

24       Discovery in this proceeding may involve disclosure by a non-party of its
25  "CONFIDENTIAL" or "CONFIDENTIAL-2" documents, information or things.  At
26  the option of a non-party, such documents, information or things may be produced
27  subject to the provisions of this Protective Order and, in that event, shall provide the
28  non-party, with respect to the information produced by such non-party in connection

- 13 -
STIPULATED PROTECTIVE ORDER

1  with the discovery and pre-trial phase of this action, with all of the rights and
2  obligations of a party as created by this Protective Order.
3      11.   Subpoenas
4          a.    In the event any person or party having possession, custody or
5  control of any document, information or thing designated as
6  "CONFIDENTIAL" or "CONFIDENTIAL-2" by another party pursuant to the
7  terms of this Protective Order receives a subpoena or other process or order to
8  produce the document, information or thing, the subpoenaed person or party
9  shall promptly (within five business days):
10              (i)   give notification in writing of such fact to the attorneys of
11                    record of the designating party;
12              (ii)  furnish such attorneys of record with a copy of such
13                    subpoenas, process or order; and
14              (iii) provide reasonable cooperation to the designating party
15                    with respect to any procedure instituted by the designating
16                    party to protect the confidentiality of the document,
17                    information or thing, including seeking all reasonable
18                    extensions to afford the disputing party an opportunity to
19                    obtain appropriate judicial relief;
20              (iv)  provide the designated party reasonable time to seek
21                    appropriate judicial relief before complying with the
22                    subpoena.
23  b.  If the designating party makes a motion to quash or modify the subpoena,
24  process or order, the subpoenaed party shall not disclose, pursuant to the
25  subpoena, process or order, any document, information or thing designated as
26  "CONFIDENTIAL" or "CONFIDENTIAL-2" by the designating party except as
27  required by an order or other process of the court having jurisdiction over the
28  matter, and then only in accordance with such order or process.

- 14 -
STIPULATED PROTECTIVE ORDER

12.     Modification

a.     Nothing herein shall restrict the power of the Court to modify this Protective Order or any term hereof for good cause shown.

b.     Nothing herein shall preclude any party from applying to the Court for relief from this Protective Order, or from applying to the Court for further or additional protective orders, or from agreeing between themselves in writing, to modification of this Protective Order, subject to the approval of this Court.

c.     Nothing herein shall preclude any party from enforcing its rights against any other party or any non-party believed to be violating its rights.

13.     No Waiver

Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the exercise of, or failure to exercise, any rights created by this Protective Order, shall constitute a waiver of any right to seek or obtain protection or relief other than as specified herein or to pursue any claim or defense in this action or any other action.  This Protective Order shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or confidential or proprietary information claims, nor shall it relieve a party of its obligation to respond properly to discovery requests.

14.     Disposition of Documents at Termination of Litigation

a.     At the conclusion of this action and all other related actions in which counsel for Plaintiffs herein represents the plaintiff or plaintiffs and in which the conveying party is named as a defendant, each receiving party shall either return all CONFIDENTIAL MATERIALS of a conveying party in its possession, custody or control, and any copies thereof, to counsel for the conveying party, or shall otherwise dispose of such CONFIDENTIAL MATERIALS in a manner agreeable to both parties, except that trial counsel for the receiving party may retain work-product derived from the

- 15 -

CONFIDENTIAL MATERIALS of a conveying party.  With respect to any such retained work-product, and unless otherwise agreed to, this Protective Order shall survive the final termination of this action, except to the extent that the information in any CONFIDENTIAL MATERIALS is or becomes known to the public through no fault of the receiving party.

b.      Sealed records which have been filed with the Clerk of Court shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal.  Parties failing to comply with this order shall be notified by the Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

15.    <u>Violation of Order</u>

Any violation of this Stipulated Protective Order during the pendency of this action or thereafter may be punishable as a contempt of court and may be grounds for a Motion for Sanctions to be filed in the Federal District Court.

16.    <u>Miscellaneous Provisions</u>

a.      Upon a written request to George F. Carpinello, Esq. and/or Richard J. Sullivan, Esq. ("Plaintiffs' Counsel") seeking documents produced in discovery in any of their power saw actions pending in this Court made by a plaintiff's counsel ("Requesting Counsel") in another pending power saw action in another jurisdiction which involves similar allegations of a design defect in a power saw ("Other Action"),[1] Plaintiffs' Counsel shall provide written notice ("Written Notice") to Neil M. Kliebenstein, Esq. ("Defendants'

---

[1] Defendants, by agreeing to the term "power saw" in this order, do not waive their right to object to the production of documents if the Other Action does not involve a table saw.

STIPULATED PROTECTIVE ORDER

Counsel") and shall provide Defendants' Counsel with the identification of documents, by Bates Number, that Plaintiffs' Counsel intends to produce to Requesting Counsel.

b.    When identifying documents they intend to produce to Requesting Counsel, Plaintiff's Counsel shall limit the intended production as follows:  (a) the internal company documents of a particular Defendant may only be identified for production in connection with a pending case against the same Defendant; and (b) documents created by or for (i) the Power Tool Institute ("PTI") joint venture regarding a blade contact injury avoidance system for table saws ("Blade Contact Joint Venture"), (ii) the PTI joint venture regarding mechanical guarding systems for tables saws ("Guarding Joint Venture"), or (iii) any other PTI committee, may only be identified for production in connection with a pending case in which a member of the particular PTI joint venture or committee is a Defendant.[2]

c.    Plaintiffs' Counsel shall not produce any documents to Requesting Counsel without receiving an executed copy of a stipulated protective order so ordered and entered in the Other Action that is substantially in the same form as the protective order that has been entered by this Court in these power saw actions and provides the same level of protection for documents designated Confidential or Confidential-2 and provides protection for the confidential documents that will be produced by Plaintiffs' Counsel to Requesting Counsel.  A copy of such protective order shall be provided to Defendants' Counsel at the same time as the Written Notice.

---

[2] The parties reserve the right to seek modification of this paragraph in any particular case by making a motion, on notice, to the Court.

1            d.     After reviewing the Written Notice, Plaintiffs' Counsel's

2    designation of documents that they intend to produce, and the executed

3    stipulation and protective order entered in the Other Action, Defendants'

4    Counsel shall have 30 days to file a motion objecting to any such disclosure.

5    No production of documents shall be made by Plaintiffs' Counsel to

6    Requesting Counsel until the expiration of this 30-day period and, if such a

7    motion is made by Defendants' Counsel, until further order of this Court.

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

STIPULATED PROTECTIVE ORDER

Approval By Court

      The parties to this Protective Order agree that they will promptly file a joint motion for entry of this Stipulated Protective Order.  The parties further agree that they will tender this Stipulated Protective Order to the Court to be so ordered and that, prior to approval by the Court, this Stipulated Protective Order shall be effective and binding on the parties hereto as if approved by the Court.

**SO STIPULATED.**


Dated:        January 23, 2012


**SO ORDERED**,

this 30th day of  January, 2012

_____

MARC L. GOLDMAN
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

1

## EXHIBIT A

2

3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

| | |
|---|---|
| OSCAR MARTINEZ, | ) |
| | ) |
| Plaintiff, | )   Case No.  SACV 11-1439 JST(MLGx) |
| | ) |
| v. | ) |
| | ) |
| DELTA INTERNATIONAL | ) |
| MACHINERY CORP., THE BLACK & | ) |
| DECKER CORPORATION, and | ) |
| BLACK & DECKER (U.S.) INC., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

14

## CONFIDENTIALITY PLEDGE

15

I, _____, declare under penalty of

16

perjury under the laws of the United States that:

17

1.     My present address is _____

18

_____

19

2.     My present employer is _____

20

_____

21

and the address of my present employer is _____

22

_____

23

3.     My present occupation or job description is _____

24

_____

25

4.     I have received a copy of the Protective Order in this action signed by

26

the Court and dated _____.

27

5.     I have carefully read and understand the provisions of the Protective

28

Order.

STIPULATED PROTECTIVE ORDER

6.     I will comply with and be bound by all of the provisions of the Protective Order unless and until modified by Order of the Court.

7.     I will hold in confidence and will not disclose to anyone not qualified under the Protective Order and will use only for purposes of this action, any CONFIDENTIAL MATERIALS which are disclosed to me.  I will take appropriate steps and assume full responsibility to assure that any other people, *e.g*., clerical or secretarial personnel, working for me will abide by the Protective Order.

8.     I will return all CONFIDENTIAL MATERIALS that come into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained when requested to do so by that counsel.

9.     I declare further that I understand that if I violate the provisions of the Protective Order, I may be subject to sanctions by the Court and that any party may assert other remedies against me.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Executed on: _____

_____
[Signature]